# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

NUTRAMAX LABORATORIES, INC.
and NUTRAMAX LABORATORIES
VETERINARY SCIENCES, INC.,

           Plaintiffs,

-vs-                                      Case No. 3:23-cv-1183-MMH-PDB

TWINE, LLC; TYSON P.
FITZGERALD; and TERI
L. SCOTT,

           Defendants.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on the Joint Motion for Entry of Stipulated Consent Injunction (Doc. 14; Motion), filed on November 29, 2023. In the Motion, the parties request entry of a [Proposed] Stipulated Consent Injunction Order (Doc. 14-1; Proposed Consent Injunction) and represent that all parties have "approved and agreed to" its terms.  See Motion at 2. Significantly, the Proposed Consent Injunction invokes Rule 65 of the Federal Rules of Civil Procedure (Rule(s)) and enjoins Defendants from engaging in certain conduct.  However, upon review, the Court is unable to approve and enter the Proposed Consent Injunction in its current form as it fails to comply

with the requirements of Rule 65 of the Federal Rules of Civil Procedure (Rule(s)). As such, the Court will deny the Motion without prejudice to the filing of a renewed motion that incorporates the following revisions.

In the Proposed Consent Injunction, the parties identify the persons enjoined as follows: "Defendants Twine, LLC, Tyson P. Fitzgerald, and Teri L. Scott, along with any individuals or entities acting in concert with Defendants, including any owners, officers, directors, agents, servants, and employees thereof . . . ." See Proposed Consent Injunction ¶ 2. In addition, the Proposed Consent Injunction includes a paragraph stating that it applies to "all entities, persons, owners, officers, directors, agents, servants, and employees, and/or any others acting in concert with, the Defendants." Id. ¶ 5. Although this language is generally consistent with subparagraphs (A)–(B) of Rule 65(d)(2), it fails to include the limiting language at the outset of Rule 65(d)(2) that an injunction binds only those persons "who receive actual notice of it by personal service or otherwise." See Rule 65(d)(2). To ensure that any injunction entered by the Court accurately reflects those persons who are bound by its directives, the parties must insert language in these paragraphs limiting the reach of the injunction to only those persons who receive actual notice.

In addition, the parties propose that the injunction will "remain permanently in effect unless otherwise ordered by this Court." See Proposed Consent Injunction ¶ 6. The Court is not inclined to enforce the Proposed

Consent Injunction into perpetuity.  Any revised Proposed Consent Injunction must contain a provision limiting the duration of the injunctive relief to a reasonable timeframe as appropriate under the facts of this case.

Accordingly, it is

**ORDERED:**

1. The Joint Motion for Entry of Stipulated Consent Injunction (Doc. 14) is **DENIED without prejudice** to filing a renewed motion with a revised Proposed Consent Injunction that complies with the requirements of this Order.

2. The parties shall have up to and including **January 5, 2024**, to file the renewed motion.

**DONE AND ORDERED** in Jacksonville, Florida this 4th day of December, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record